**11 So.2d 391**

**ALLEN v. STATE.**

**4 Div. 704.**

Court of Appeals of Alabama.

Nov. 17, 1942.

Rehearing Denied Dec. 15, 1942.

Harry Adams, of Enterprise, for appellant.

Wm. N. McQueen, Atty. Gen., and Bowen W. Simmons, of Opp, for the State.

RICE, Judge.

Appellant was convicted of the offense of "assault with intent to murder," and his punishment fixed at imprisonment in the penitentiary for the term of five years.

Monroe J. Stewart, a deputy sheriff of the county was sent, in company with J. P. Russell, another such deputy sheriff, by the sheriff, to investigate a reported disturbance at the house where appellant was staying. Upon arrival there, and after investigation, Monroe J. Stewart and J. P. Russell undertook to arrest appellant, along with at least two others.

We would not by what we write be understood as approving, in all respects, the conduct of Stewart and Russell.

But it is clear enough that, whatever the circumstances—as shown by the testimony—the jury were amply authorized to find that appellant struck Monroe J. Stewart over the head with a scantling, or piece of lumber, in such a way that death might have ensued; and that, at the time he struck such blow, he was in no immediate danger of suffering death, or grievous bodily harm.

So, whether or not his attempted arrest by Stewart was legal, his conviction cannot be said to be contrary to either the law or the evidence.

As recently said by our Supreme Court: "It is generally recognized that a citizen may rightfully resist any attempt to put an illegal restraint upon his liberty, nevertheless resistance in all such cases must not be in enormous disproportion to the wrong or injury threatened. He has no right to kill to prevent a mere trespass, which is not accompanied by imminent danger of great bodily harm or felony, and which does not produce in his mind the reasonable belief of such danger." (And here, we may add, there was no evidence

sufficient to produce "reasonable belief of such danger.") Green v. State, 238 Ala. 143, 189 So. 763, 766.

We think what we have written above will demonstrate that there was no error in the court's refusal to charge the jury at appellant's due written request that they could not find appellant guilty of assault with intent to murder.

No other question apparent seems worthy of separate discussion.

■ True, the punishment imposed upon appellant seems rather shockingly severe, in view of the whole circumstances of the case—including the one that he was grievously wounded by a number of shots fired into his body by the deputy, Monroe J. Stewart. But that, it seems, is no proper concern of ours.

We find nowhere a ruling by the learned trial judge infected with error prejudicial to appellant's rights.

And the judgment must be affirmed. It is so ordered.

Affirmed.