21 So.2d 125

### GRAHAM v. STATE.

4 Div. 882.

Court of Appeals of Alabama.

Feb. 27, 1945.

E. O. Baldwin, of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted and put on trial for the offense of murder in the first degree. He was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years and one day.

It was alleged in the indictment, and proven on the trial—in fact, there was no dispute about it in the testimony—that he "killed Cleve Jackson by shooting him with a shotgun."

Appellant's proffered defense was that he fired the shot which took the life of Cleve Jackson in "self-defense," as that term was fully defined to the jury trying the case.

■ We see no need for our detailing the testimony. That for the State made out a case of murder, as the term is understood, on the part of appellant. Appellant's own testimony, and that of his witnesses, tended to show that he shot in self-defense. None but a jury could resolve the conflicts, and intelligently arrive at a conclusion—a verdict.

The learned trial court gave to the jury a lucid, correct and comprehensive oral charge. This, certainly in connection with the same seventeen requested written charges which were given to the jury, made the law governing their consideration of the testimony perfectly clear. It was peculiarly a jury case. And the strenuous argument by appellant's able counsel that the verdict is not supported in the proper way by the evidence does not impress us.

■ Even if appellant's written, requested, and refused charge 13 was correct as to its statement of the law—which we doubt (see Allen v. State, 30 Ala.App. 608, 11 So.2d 391)—it was clearly invasive of the province of the jury, inasmuch as the testimony was in dispute, as to whether or not deceased was a trespasser, at the time he was shot and killed. Said charge was refused without error.

■ Appellant's written, requested and refused charge 20 clearly was calculated to invade the province of the jury. The testimony was in dispute as to its subject matter.

We have literally "searched the record for error," as we conceived our duty to be.

It would be a useless consumption of time and space to discuss each ruling to which exception was reserved. In no instance, in our opinion, is said ruling other than patently correct or innocuous.

The case seems to have been not only correctly, but carefully, tried. And ap-

pellant's every right appears to have been scrupulously safeguarded.

The judgment is affirmed.

Affirmed.